**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| **TINNA BARTLETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO._______** |
| **vs.** | ) | **JURY DEMAND** |
| | ) | |
| **PILOT TRAVEL CENTERS LLC; ABC CORPS #1-3, AND JOHN DOE #1-3** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>NOTICE OF REMOVAL</u>**

The removing party, Defendant Pilot Travel Centers LLC ("Pilot"), respectfully shows this Court:

Plaintiff Tinna Bartlett filed her Complaint dated May 11, 2026, in the State Court of Gwinnett County, Georgia, styled *Tinna Bartlett v. Pilot Travel Centers, LLC, ABC CORPS #1-3, and JOHN DOE 103* No. 26-C-05473-S5 (the "Complaint"). She requests relief under Georgia state law for alleged negligence and premises liability in connection with injuries allegedly sustained at a Pilot service station in Calhoun, Georgia.

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff pled originally that she is a resident of Georgia (Complaint ¶ 1), but later

admitted in early initial discovery that she is a citizen of North Carolina. (*See* Exhibit A, copy of Plaintiff's Answers to Defendant's First Interrogatories and Requests for Admissions). Pilot is a Delaware limited liability company with its principal place of business in Knoxville, Tennessee. None of the named defendants are citizens of Georgia or North Carolina. (*See* Pilot's Certificate of Interested Persons and Corporate Disclosure Statement, filed contemporaneously with this Notice of Removal).

Upon information and belief, the amount in controversy exceeds $75,000.00. Plaintiff alleges that she "suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; lost capacity for the enjoyment of life; and other economic damages." (*See* Complaint, ¶ 18). She categorizes her injuries as "severe" (*id.* ¶ 41), her mental and physical pain and suffering as "substantial" (*id.* ¶ 43), and further alleges that her damages will extend into the indefinite future (*id.* ¶¶ 18, 43)—beyond the nearly $30,000.00 of past medical expenses already itemized in the Complaint. Notably too, Plaintiff resisted stipulating to seeking damages in an amount lower than $75,000.00. (*See* Exhibit A, Response to Request for Admission No. 3).

This clears the jurisdictional minimum, though the Complaint fails to specify a particular claim amount. "[No] defendant seeking to remove in a proper diversity

case is to be denied access to federal court merely because the complaint against [him] is couched in nebulous mathematical phraseology," *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961), and the "district court need not suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount." *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. Those requirements are met here.

Moreover, removal is timely, as Pilot has filed this notice within 30 days of service or receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days of receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). (*See* Affidavit of Service, reflecting service date of Complaint and Summons on May 15, 2026, Exhibit B, at p. 1). A copy of this Notice of Removal will be filed in the State Court for Gwinnett County, Georgia, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, as the state court action was filed in the State Court of Gwinnett County, Georgia. (*See* 28 U.S.C. § 1441(a)).

Defendant attaches hereto as Exhibit B copies of all process, pleadings, and orders served upon Defendant in the state court action, together with copies of all other filings in the state court action as of the time of removal. By removing the case pursuant to 28 U.S.C. § 1441(a), Pilot reserves and does not waive any defenses, objections, or motions available to it under state or federal law, including without limitation any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Pilot hereby removes this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. This Notice will be served on all counsel of record on the date and manner stated in the Certificate of Service.

Respectfully submitted this 12th day of June, 2026.

/s/*Jeffrey G. Granillo*
GA State Bar No. 139440
Attorney for Defendant Pilot Travel Centers LLC
Chambliss, Bahner & Stophel, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Tel: (423) 756-3000
Fax: (423) 508-1264
Email: jgranillo@chamblisslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I electronically filed this NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record, and a postage prepaid copy has also been sent by U.S. Mail to the following address:

Adam H. Long
Morgan & Morgan Atlanta PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Email: adam.long@forthepeople.com
*Attorney for Plaintiff*

By: *<u>/s/ Jeffrey G. Granillo</u>*
Jeffrey G. Granillo