Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/15/2026
CT Log Number 552222889

## Service of Process Transmittal Summary

**TO:** Erin Chevalier, Executive Assistant
Pilot Travel Centers LLC
5508 LONAS DR
KNOXVILLE, TN 37909-3221

**RE:** **Process Served in Georgia**

**FOR:** Pilot Travel Centers LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TINNA BARTLETT // To: Pilot Travel Centers LLC |
| **CASE #:** | 26C05473S5 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/15/2026 at 11:48 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Erin Chevalier erin.chevalier@pilottravelcenters.com<br>Email Notification, Leighann Fox leighann.fox@pilottravelcenters.com<br>Email Notification, Rachel Hawn rachel.hawn@pilottravelcenters.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT
B

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, May 15, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | PILOT TRAVEL CENTERS LLC |
| Case Number | 26C05473S5 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |

E-FILED IN OFFICE - TB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
26-C-05473-S5
5/11/2026 10:06 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Tinna Bartlett**
**178 S Main Street, Unit 300**
**Alpharetta, GA 30009**

PLAINTIFF

CIVIL ACTION NUMBER: 26-C-05473-S5

VS.

**Pilot Travel Centers, LLC; ABC Corps #1-3 and John Does #1-3**

**Regristered Agent: CT Corporation System**

**289 S Culver Street, Lawrenceville, GA 30046**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Morgan & Morgan Atlanta LLC
Adam H. Long
178 South Main Street, Unit 300, Alpharetta, Georgia 30009
PH: (404) 666-7215

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of** 11th day of May, 2026**, 20____.**

**Tiana P. Garner**
**Clerk of State Court**

**By** T. Duffus
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - TB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
26-C-05473-S5
5/11/2026 10:06 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TINNA BARTLETT,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS, LLC; ABC CORPS # 1-3, AND JOHN DOES #1-3,<br><br>Defendants. | Case No.: 26-C-05473-S5<br><br>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS TO DEFENDANTS |

Pursuant to U.S.C.R. 5.2 the undersigned counsel of record for Plaintiff certifies that he has caused the following discovery requests to be served on all defendants with service of the Complaint and Summons. These requests are as follows:

1. Plaintiff's First Interrogatories and Requests for Production to Defendant Pilot Travel Centers, LLC;
2. Plaintiff's First Request for Admissions to Defendant Pilot Travel Centers, LLC;

This _11__th day of May, 2026.

**MORGAN & MORGAN ATLANTA, PLLC**

/s/ Adam H. Long
ADAM H. LONG
adam.long@forthepeople.com
Georgia State Bar No.: 141213
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)

404-965-8812 (Fax)

*Attorney for Plaintiff*

E-FILED IN OFFICE - TB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
26-C-05473-S5
5/11/2026 10:06 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TINNA BARTLETT,<br>Plaintiff,<br>v.<br>PILOT TRAVEL CENTERS, LLC; ABC CORPS 1-3, AND JOHN DOES 1-3,<br>Defendants. | Case No.: Number 26-C-05473-S5<br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Tinna Bartlett, and files this Complaint for Damages and Demand for Jury Trial against Defendants Pilot Travel Centers, LLC, ABC Corps 1-3, and John Does 1-3, showing this Honorable Court as follows:

**Parties, Jurisdiction, & Venue**

1. Plaintiff is a Georgia resident.

2. Defendant Pilot Travel Centers, LLC, hereinafter "Pilot" is a foreign for-profit company with its principal place of business located at 5508 Lonas Drive, Knoxville, TN and may be served with process via its registered agent,

3. CT Corporation System, located at 289 S Culver Street, Lawrenceville, GA 30046.

4. Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper in this County because Defendant Pilot, maintains a registered office and transacts business in Gwinnett County.

5. Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business

entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Pilot's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Amended Complaint to be properly served upon leave of the Court.

6. Defendants JOHN DOES 1-3 are unidentified individuals which owned, managed, operated, maintained, cleaned, secured, or repaired some aspect of Defendant Pilot's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Amended Complaint to be properly served upon leave of the Court.

**Statement of Facts**

7. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated verbatim herein below.

8. At all material times, Defendants owned, managed, or operated the business location called Pilot Travel Center located at 2111 US Hwy 41, Calhoun, GA 30701 (the "Premises").

9. On or about January 15, 2025, Plaintiff was an invitee coming to the Premises to do business with Pilot when she tripped and fell near truck Bay 19 on the Premises (the "Incident").

10. Plaintiff encountered a hazard in the metal grate on the ground of Bay 19 which caused her fall.

11. Plaintiff had not previously been in the area where she encountered the hazard which caused her fall.

12. Defendants had actual knowledge of the dangerous condition of the grate which caused Plaintiff's fall.

13. Defendants failed to warn invitees of the dangerous condition which caused Plaintiff to fall.

14. Pilot employees were in the immediate vicinity of the hazard which caused Plaintiff to fall and failed to observe, warn of, or remediate the hazard prior to Plaintiff's fall.

15. Defendants had constructive knowledge of the dangerous condition which caused Plaintiff's fall.

16. Defendants negligently caused Plaintiff's injuries.

17. At all relevant times, Plaintiff exercised reasonable care for her own safety.

18. As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; lost capacity for the enjoyment of life; and other economic damages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

19. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

**Count I: Negligence (All Defendants)**

20. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated verbatim herein below.

21. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

22. Defendants' chosen mode and manner of operation of a business at the Premises required Defendants to implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

23. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating its business at the Premises.

24. Defendants had a duty to develop, implement, maintain, comply with, and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect invitees from the foreseeable risks of harm, including fall risks arising from the operation of a business at the Premises.

25. Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

26. While operating a business at the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i) Defendants failed to maintain a safety protocol to protect invitees from the foreseeable risk of injuries caused by a slip/trip and fall;

(ii) Defendants' safety program was inadequate to protect invitees from the foreseeable risk of injuries caused by a slip/trip and fall;

(iii) Defendants negligently failed to comply with and enforce their inspection protocols or procedures;

(iv) Defendants negligently failed to train their employees, contractors, agents, and/or representatives to properly implement their safety program;

(v) Defendants failed to supervise their employees, contractors, agents, and/or representatives to ensure compliance with their safety program; and/or

(vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating their business.

(vii) Defendants failed to remediate the dangerous condition causing Plaintiff's fall even though they received actual notice of the same prior to the fall.

27. Defendants' failure to exercise reasonable care in their operation of the business located at the Premises caused a defective condition to be unremediated which created a fall risk and caused Plaintiff's fall and resulting injuries.

28. Defendants' negligent operation of their business located at the Premises directly and proximately caused Plaintiff's injuries.

29. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business.

## Count II: Premises Liability

30. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated verbatim herein below.

31. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises.

32. At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

33. Defendants' duty of care included:

    a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a trip hazard or risk;

    b. Detecting, removing, or otherwise remedying hazardous conditions on the Premises that posed a trip hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including trip hazards on the Premises, to enable invitees to avoid harm.

34. At all material times, Plaintiff was Defendants' invitee and permissibly conducting business at the Premises.

35. On the date of incident, Plaintiff fell as result of a defective condition on the Premises.

36. The defective condition on the Premises that caused Plaintiff to fall existed for sufficient time that Defendant knew about the defective condition and failed to repair, remove, or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

37. Defendants knew of the defect on the Premises, and had a duty to repair the defect, remove the defect, or to warn invitees of the defect because it posed a foreseeable and an unreasonable risk of harm to invitees' safety.

38. Defendants had a duty to inspect, warn of, and remediate transient defects which posed a risk of fall to their invitees.

39. Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the defect, remove the defect, and/or to warn invitees of the defect and the foreseeable and unreasonable risk of harm to Plaintiff safety.

40. As a direct and proximate result of Defendants' negligent failure to remove, remedy, or warn Plaintiff about a known hazard, Plaintiff fell and was severely

injured.

41. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe or warn invitees about the hazardous condition created by the defective condition on the Premises, Plaintiff slipped and fell and was severely injured.

**Damages**

42. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated verbatim herein below.

43. Plaintiff has suffered substantial physical and mental pain and suffering, and Plaintiff, in the future, will endure substantial mental and physical pain and suffering.

44. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has incurred medical expenses, including, but not necessarily limited to, the following:

| | |
|---|---|
| Physicians Car Walk-In Clinic | $779.06 |
| WakeMed Wendell Healthplex | $2,297.92 |
| Wake Emergency Physicians, PA | $422.00 |
| Raleigh Radiology | $1,556.00 |
| OrthoNC/Orthopaedic Specialists of NC | $2,363.00 |
| UNC Ortho & Sports Med at Clayton | $1,635.00 |
| Rex Vascular | $4,768.00 |
| Wake Med Cardiopulmonary Therapy | $2,462.00 |
| Results Physiotherapy | $9,403.50 |
| North Carolina Neurology | $3,133.00 |
| | |
| **TOTAL MEDICAL DAMAGES** | **$28,819.48** |

45. The injuries and damages alleged in this Complaint were proximately caused by the acts, omissions and negligence of Defendants.

46. Plaintiff is entitled to recover such other future and additional compensatory, general, and special damages as may be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial; and

f. That this Honorable Court order such other and further relief as the Court deems just and proper.

Respectfully submitted this __11_th day of May, 2026.

/s/ Adam H. Long
Adam Long, Esq.
Georgia Bar No.: 141213
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
adam.long@forthepeople.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TINNA BARTLETT,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS, LLC; ABC CORPS #1-3, AND JOHN DOES #1-3,<br><br>Defendants. | Case No.: 26-C-05473-S5<br><br>PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PILOT TRAVEL CENTERS, LLC |

Plaintiff Tinna Bartlett, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, serves upon each Defendant Plaintiff's First Interrogatories and Requests for Production to Defendant Pilot Travel Centers, LLC to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, between the time the answers are served and the time of trial. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within thirty (30) days from receipt of such additional information.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

**DEFINITIONS**

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant Pilot Travel Centers, LLC (hereinafter "PILOT").

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government

agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of

the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

***NOTE ON CONFIDENTIAL MATERIAL, PROPRIETARY INFORMATION, OR TRADE SECRETS*** In accordance with the requirements of USCR 6.4 Plaintiff seeks to avoid unnecessary delay in the discovery process to address any concerns Defendant may have about the production of materials it contends to be proprietary, trade secrets, or otherwise privileged business secrets. To that end, Plaintiff will execute a stipulation of confidentiality to protect any such materials. To further that process, attached to these request as *Exhibit A*, Plaintiff has provided a proposed consent confidentiality stipulation. Plaintiff contends that good faith compels the parties to attempt to come to an agreement on this issue rather than delaying the discovery process because of it.

**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

1.

Please identify the full and correct legal names of the owner(s), manager(s), and operator(s) of the property located at 2111 US Hwy 41, Calhoun, GA 30701 (the "Premises") on or about January 15, 2025 (the "date of incident"). **If these are different persons or entities, please identify which party owned and which party managed or operated the identified property and business(es).**

2.

Please identify the person(s) responding to these Interrogatories and all individuals providing assistance to you in responding to Plaintiff's First Interrogatories and Request for Production.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant(s) in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance, primary, excess, or umbrella, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendants (or one Defendant) or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint. Provide for each the policy limits, deductible, self-insured retention, the names of all insureds under the policy, and whether there have been any coverage disputes, coverage denials, coverage objections, or notices for reservation of rights.

5.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records and tangible materials demonstrating the existence of insurance or bond that may cover or pertain to the claims made in this action. NOTE: You are required by law to provide the requested insurance

information pursuant to: *O.C.G.A. § 9-11-26(b)(2)*(insurance agreements relating to a defendant's insurance coverage are discoverable); *O.C.G.A. § 15-12-135 (a)*(information relevant for the qualification of potential jurors).

6.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit;

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, which were not identified in sub-part (a);

(c)Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

(d)Assisted Plaintiff on the Premises after the incident; and

(e)Were working or scheduled to work at or on the Premises on the date of incident.

7.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records and tangible materials listing, communicating with, or communicating about employees, statutory employees, or

contractors at the Premises on January 15, 2025, and/or anyone identified in response to Request 6 above.

8.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and identify each person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

9.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 8 above.

10.

Please identify any photographs, videos, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

11.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 10 above.

12.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 11 above. Please remember to identify any materials withheld upon a claim of privilege in your privilege log in response to these requests.

13.

Pursuant to O.C.G.A. §9-11-26(b)(4)(A) and this request, please **identify** all *expert witnesses* (persons providing, or expected to provide, *any type* of expert testimony or opinions) whom you and your counsel expect to testify in this case, or who you will otherwise rely upon for expert opinions and testimony, and, for each such person, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. **Identify** all written statements, reports or **documents** that each expert has created, originated, or authored in connection with this case, as well as **identifying** all statements, reports or **documents** that each expert has reviewed and/or relied upon in connection with this case. In addition, please identify each expert witness you have consulted in reference to the matter in controversy and whether or not you intend to call said expert as a witness at trial. (Note that O.C.G.A. § 9-11-26(b)(4)(A) specifically requires your discovery of expert witness information).

14.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, copies of all of expert witness/expert opinion materials and tangible materials relating to this case and/or the underlying events and circumstances. This request includes all such items relating to all *expert witnesses* expected to testify in this case or otherwise expected to be called at trial, and *for each such expert*, also include the following:

(a) all written or computerized reports, expert opinions, summaries, models, notes, experiments and other tangible materials created or prepared *by* the expert in connection with this case, the underlying incident, any claims or any other issues in related to this action.

(b) all written or computerized reports, expert opinions, summaries, models, notes, experiments and other tangible materials created or prepared *for* the expert in connection with this case, the underlying incident, any claims or any other issues in related to this action.

(c) a complete statement of all opinions to be expressed and the basis and reasons therefore;

(d) the data or other information considered by the expert in forming the opinions;

(e) any exhibits to be used as a summary of or support for the expert opinions;

(f) the resume, curriculum vitae and qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

(g) documentation of the compensation to be paid for the study and testimony, including all agreements for such compensation;

(h) documentation of any and all compensation previously paid by you, your attorney's office or your insurer to the expert in connection with this case or the underlying incident, as well as all bills, invoices, and requests for payment submitted by the expert; and

(i) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

15.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all written or recorded statements evidencing communications with Plaintiff or with Plaintiff's representatives. (Note that O.C.G.A. § 9-11-26(b)(3) entitles a party to obtain that party's previous statement and therefore you are not entitled to withhold from production any such statement or communication of the Plaintiff under some purported privilege).

16.

Please identify each person, employed by any Defendant, who was present and/or working at any time on the Premises on the date of the incident or within the twenty-four

(24) hours prior to the incident. Specify which Defendant(s) employed each person identified and note which individuals are no longer employed by Defendant(s).

17.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, please identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

18.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 17 above.

19.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint. Please note that the Request asks for *facts*, not opinions of counsel or mental impressions, but facts supporting each affirmative defense raised.

20.

Please state whether, prior to the incident which is the subject of Plaintiff's Complaint, any procedure, policy or program existed for the regular inspection of the Premises by Defendants or someone acting on their behalf, which was designed to

identify and/or discover potential hazards to the users of the Premises thereof. If so:

(a) Provide a general description of each such procedure, policy or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure, policy or program;

(b) State the regularity with which each such procedure, policy or program was to be implemented or conducted, if applicable;

(c) State whether the procedure, policy or program had been carried out prior to the date of the incident;

(d) State whether the procedure, policy or program was carried out on the date of incident; and

(e) Identify all documents relating to each such procedure, policy or program and their findings.

21.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 20 above.

22.

Please identify any and all procedures, policies or programs existing on the date of incident for: (1) regular inspection of the Premises and its approaches and (2) warnings about hazards discovered on the Premises and its approaches by Defendants or someone

acting on their behalf including the following:

(a) A general description of each procedure, policy or program, including all timing requirements for performing the inspection(s);

(b) The regularity with which each procedure, policy or program was to be implemented or conducted;

(c) The identity of each person charged with implementing and conducting each procedure, policy or program;

(d) The identity of all documents relating to each procedure, policy or program; any potential findings; and the required response to any findings;

(e) Whether each procedure, policy or program was carried out on the date of incident, on the Premises and its approaches, prior to the incident at issue in this case; and

(f) Whether each procedure, policy or program was carried out on the date of incident, on the Premises and its approaches, in response to the incident at issue in this case.

23.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 22 above.

24.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

(a) The party whom you contend was guilty of such negligence;

(b) Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c) Each and every fact and reason upon which you base your contentions; and

(d) Every person who has any knowledge or information concerning each such fact.

25.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials that record or support your response to Request 24 above.

26.

Please identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody

or control of each item listed.

27.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 26 above.

28.

Please identify any and all incident reports and/or documentary writings made by you which concern the incident at issue in this case. With your response, describe when incident reports should be created and the process and procedure for creating incident reports in response to events involving injuries occurring on the Premises and its approaches.

29.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 28 above.

30.

Please identify any and all safety manuals, employee handbooks, and written

procedures, in effect on and prior to the date of incident.

31.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials identified in response to Request 30 above.

32.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

33.

Please identify and list the name and address of every person or organization you issued a notice to produce or O.C.G.A. §9-11-34 non-party discovery request, and identify what documents were requested from that person, organization or entity. Please also list the amount you paid to obtain the documents or records.

34.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC 178 S. Main Street, Suite 300, Alpharetta, GA 30009, please produce all documents or records you obtained via non-party request. PLEASE NOTE, under the HITECH Act, the fee that any covered

entity may impose for providing a copy of electronic health records "shall not be greater than the entity's labor costs" in responding to the request. 42 U.S.C. § 17935(e)(2). The regulations make clear that the costs are limited to labor, the cost of supplies, and postage. See 45 C.F.R. 164.524(c)(4)(i)-(iii). Because most medical records are typically stored electronically, we are willing to pay the HiTech labor cost to you. If you wish to charge a higher copying charge, please indicate whether your records are also stored electronically and whether you would prefer that we pre-pay for and send you electronic media to save the documents to. The HiTech flat rate for electronic media is $6.50. Alternatively, we will agree to pay the actual labor cost incurred to select the PDF versions of the records and copy them to a disc or flash drive.

35.

Please produce any other documents, material evidence or tangible things you intend to use as impeachment evidence relating to a material claim or defense. Newsome v. Penske Truck Leasing Corp., 437 F. Supp. 2d 431, 435 (D. Md. 2006); Resurgens, P.C. v. Elliott, 301 Ga. 589, 596, 800 S.E.2d 580, 585 (2017), reconsideration denied (June 30, 2017).

36.

Please produce all other relevant non-privileged documents or evidence that you were not already asked to produce that supports or refutes any material claims or defenses in this action.

37.

Please identify any and all third-party entities or individuals with whom

Defendant has contracted with to clean, inspect, or maintain the Premises generally and who may provide, maintain, inspect, repair, or clean the deli meat coolers on the Premises.

42.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Morgan & Morgan, PLLC, 178 S. Main Street, Suite 300, Alpharetta, Georgia 30009, all documents, records, videos and tangible materials evidencing a contractual relationship with those identified in response to Request 41 above and any and all materials in your possession, custody, or control evidencing communications between Defendant, its employees or agents, and those identified in Request 37 regarding the incident that is the subject of this action.

43.

For each request where you raised any privilege or confidentiality objection, please produce a privilege log that identifies the nature of the document withheld, the persons or parties in possession of the document(s) and the basis for your assertions of privilege.

PLEASE NOTE, this constitutes our written request pursuant to §9-11-34 for each and every non-party request you issue in this action. We kindly ask that you supplement your responses as new requests are issued pursuant to §9-11-26.

This _11_th day of May, 2026.

**MORGAN & MORGAN ATLANTA, PLLC**

/s/ Adam H. Long
ADAM H. LONG
adam.long@forthepeople.com
Georgia State Bar No.: 141213
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)

*Attorney for Plaintiff*

# Exhibit A

MOTION FOR STIPULATED PROTECTIVE ORDER

Defendant __________ Corporation has documents that it represents are confidential business, commercial, personnel, and financial information, and that it has a legitimate need to protect the confidentiality of such information. The parties herein, therefore, agree and request that the Court hereby issue an Order as follows:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Only materials which constitute a "trade secret" as defined by the Georgia Trade Secrets Act of 1990 (GTSA), O.C.G.A. § 10-4-760 et seq., may be designated as "Confidential."

4. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

5. With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing Confidential Material shall be

communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER"**. All communications shall indicate clearly which portions are designated to be "Confidential". Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment), unless such portions of the record are designated for inclusion on appeal, at which point, the parties agree in good faith to submit this same Stipulation to the court designated to hear the appeal.

6. The Court shall maintain all communications received under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."

7. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable

time to object or otherwise take appropriate steps to protect such Confidential Material.

8. If a party believes that any designated Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have ten (10) business days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking to remove such information from a confidential designation shall make a motion before the court to that effect. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

9. This Order shall be without prejudice to the right of any party to oppose production of any information on alternate grounds of privilege or object to its admissibility into evidence.

10. When accepted into evidence, Confidential Material may be published to the jury and the jury, however the requesting party may ask the Court to issue an instruction to the jury that the material they are reviewing contains trade secrets and shall not be discussed with anyone outside of the trial.

11. When any counsel of record in this Lawsuit becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order

may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

12. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

**IT IS SO STIPULATED:**

**DEFENDANT'S LAW FIRM**

D Firm Add 1
D Firm Add 2
City, State Zip
Phone No.
Email:

*/s/ Defense Attorney*
Def. Attorney
Georgia Bar No. ________

*Counsel for Defendants ________ and ________*

**MORGAN & MORGAN ATLANTA PLLC**

178 S. Main St, Suite 300
Alpharetta, GA 30009
Telephone: (770) 576-7600
adam.long@forthepeople.com

*/s/ Adam H. Long*
*(w/express permission by*
Georgia Bar No. 141213

*Counsel for Plaintiff*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TINNA BARTLETT,<br>Plaintiff,<br>v.<br>PILOT TRAVEL CENTERS, LLC; ABC CORPS #1-3, AND JOHN DOES #1-3,<br>Defendants. | Case No.:<br>26-C-05473-S5<br>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PILOT TRAVEL CENTERS, LLC |

COMES NOW, Plaintiff in the above-styled action and hereby sets forth, pursuant to O.C.G.A. § 9-11-36, these Requests for Admission to Defendant Pilot Travel Centers, LLC as follows.

**DEFINITIONS:**

1. "You" or "your" refers to Defendant Pilot Travel Centers, LLC in this action and its agents.
2. "Incident" refers to the incident causing injury described in Plaintiff's Complaint that is the subject of this civil action.
3. "Document" refers to any non-privileged document, writing, evidence or other tangible thing in your possession, custody or control.
4. "Plaintiff" as stated in this document refers to Plaintiff Tinna Bartlett.

Pursuant to O.C.G.A. § 9-11-36, you are requested to admit or otherwise respond as required by law to each of the following enumerated requests:

1. You were properly served with Plaintiff's Summons and Complaint for Damages.

2. You have not raised jurisdictional defenses in your Answer.

3. You have not raised an improper venue defense in your Answer.

4. You have not raised a statute of limitations defense in your Answer.

5. You do not contend that Plaintiff was comparatively negligent, or comparatively at fault for causing the Incident.

6. You do not contend that a non-party to this action is liable or at fault for causing the Incident.

7. At the time of your response to this discovery request, you are in possession of audio or video depicting or documenting the incident described in Plaintiff's Complaint.

8. At the time of your response to this discovery request, you are not aware of any indispensable parties to this action that have not been named as a party already.

Respectfully submitted this _11th___ day of May, 2026.

_/s/ Adam H. Long___________
Adam Long, Esq.
Georgia Bar No.: 141213
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
adam.long@forthepeople.com

E-FILED IN OFFICE - TB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
26-C-05473-S5
5/11/2026 10:06 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TINNA BARTLETT,

Plaintiff,

v.

PILOT TRAVEL CENTERS, LLC; ABC CORPS # 1-3, AND JOHN DOES #1-3,

Defendants.

Case No.: 26-C-05473-S5

RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS TO DEFENDANTS

Pursuant to U.S.C.R. 5.2 the undersigned counsel of record for Plaintiff certifies that he has caused the following discovery requests to be served on all defendants with service of the Complaint and Summons. These requests are as follows:

1. Plaintiff's First Interrogatories and Requests for Production to Defendant Pilot Travel Centers, LLC;
2. Plaintiff's First Request for Admissions to Defendant Pilot Travel Centers, LLC;

This _11__th day of May, 2026.

**MORGAN & MORGAN ATLANTA, PLLC**

/s/ Adam H. Long
ADAM H. LONG
adam.long@forthepeople.com
Georgia State Bar No.: 141213
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)

404-965-8812 (Fax)

*Attorney for Plaintiff*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **TINNA BARTLETT,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**PILOT TRAVEL CENTERS LLC; ABC CORPS #1-3, AND JOHN DOE 1-3**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 26-C-05473-S5**<br>**JURY DEMAND** |

**PILOT TRAVEL CENTERS LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION TO PLAINTIFF TINNA BARTLETT**

Defendant Pilot Travel Centers LLC ("Pilot"), pursuant to O.C.G.A. §§ 9-11-33 and 9-11-36, propounds the following First Set of Interrogatories and First Requests for Admission to Plaintiff Tinna Bartlett ("Plaintiff"). These Interrogatories and Requests for Admission are to be answered within thirty (30) days pursuant to O.C.G.A. §§ 9-11-33 and 9-11-36.

**INSTRUCTIONS**

1. In answering the following Interrogatories you are required to set forth all of the information known to you or available to you, including but not limited to, all unprivileged information contained in your records or writings or other documents in your possession or under your control, and all unprivileged information known to or in the possession of your attorneys, if any.

2. In the event you contend that you are unable to answer or respond in full to any Interrogatories set forth below, after exercising due diligence to secure information to do so, state the answer to the extent possible and tell why you cannot respond fully, and what you did in attempting to secure the unknown information.

3. If you encounter any ambiguity in construing the Interrogatories or instructions, set forth the matter deemed ambiguous and respond to the request by indicating the construction used in responding.

4. In the event that any answer called for by any Interrogatory is withheld or limited on the basis of a claimed privilege, identify each answer so withheld or limited, provide the reason for withholding or limiting your response, and state the factual basis for your claim of privilege.

5. If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6. This discovery is continuing in nature. Plaintiff must supplement her answers to these interrogatories as soon as new or different information is available. Without being requested to do so, Plaintiff must promptly amend and supplement any answer when it is discovered to be no longer accurate and/or complete.

## GENERAL DEFINITIONS

This discovery is governed by the following general definitions:

**And/Or:**

The conjunctions "and," "or," and "and/or" shall be interpreted in every instance both conjunctively and disjunctively, and shall never be interpreted so as to exclude any information otherwise within the scope of a request.

**Any/All:**

The word "all" shall be deemed to include and encompass the words "each," "every," and "any," and vice versa.

**Disjunctive/Conjunctive:**

The use of the disjunctive shall include the conjunctive, and vice versa.

**Document:**

The term "document" means all written, printed, or graphic matter of every kind or description, however produced or reproduced, whether original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, and

includes, but is not limited to, all paper material of any kind, whether written, typed, printed, punched, filmed, or marked in any way, and all mechanical or electronic audio or video recordings or transcripts thereof.

"Document" includes, but is not limited to, letters, correspondence, memoranda, handwritten notes, written communications, interoffice communications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, telephone bills, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of experts or consultants, messages, telegrams, telex messages, websites, brochures, catalogs, newsletters, diaries, journals, desk calendars, pocket calendars, appointment books, minutes, books, records, reports, studies, charts, graphs, ledgers, invoices, bills, receipts, checks, checkbooks, canceled checks, logs, worksheets, work papers, tax returns, computer printouts, prospectuses, financial statements, schedules, accounting or other work papers, expense account records, product and/or service schedules, territorial maps, financial records and statements, affidavits, written statements, summaries, contracts, agreements, purchase or sale orders, requisitions, client lists, product lists, customer accounts, transcripts, statistical records, surveys, magazine or newspaper articles, designs, layouts, drawings, sketches, diagrams, photographs, film, slides, motion pictures, videos, digital images, computer disks, microfiche, microfilm, recording tape, and information contained in any computer database, in computer hardware or software, or contained in any data storage device such as compact disk, CD Rom, DVD, floppy disk, zip drive, etc.

"Document" also specifically refers to any e-mail or other electronically stored data, whether or not reduced to tangible form, on magnetic or optical storage media, including, but not limited to:

(a) all “active,” “deleted,” “residual,” or “archive” files,

(b) all electronic information, such as “metadata,” hidden “post-it notes,” document history and activity records, formulae used to calculate fields in spreadsheets, hidden columns or fields in spreadsheets or databases, or other hidden characters or values, which do/does not appear on the hardcopy printouts, and

(c) all electronic file fragments or files that have been deleted and partially overwritten with new data.

"Document" also means all drafts and all copies of documents by whatever means made if the copy bears any other marking or notation. If a document has been prepared and several copies or additional copies have been made that are non-identical (or are no longer identical by reason of any subsequent additions or notations or other modifications of such copies), each non-identical copy is to be construed as a separate "document."

**Evidencing:**

The word “evidencing” shall be construed in its broadest sense which shall mean directly, indirectly, circumstantially, inferentially, or otherwise having any tendency to prove (i.e., make more or less probable) the proposition, topic or subject in question, either in whole or in part.

**Identify:**

The word "identify" means, with respect to a document, set forth the following information: a general description thereof (e.g., letter, memorandum, report, etc.); a brief summary of its contents, or a description of the subject matter it concerns; the name and address of the persons who drafted, prepared, compiled, or signed it; and any other descriptive information necessary in order to adequately describe it in a subpoena duces tecum or in a motion or request for production thereof. With regard to a person, the term "identify" means set forth the person's name, occupation, and last known home and work addresses and telephone number.

**Person:**

The term "person(s)" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

**Refer(ring)/Relat(e/ing) to:**

The terms "refer to," "referring to," "relate to," and "relating to" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part. A document or communication "refers to" or "relates to" a given subject matter if that document or communication constitutes, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the subject matter. "Relating to" means and includes "constituting," "referring to," "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (a) provides information with respect to the subject of inquiry, or (b) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

**Singular/Plural:**

The singular shall include the plural, and vice versa.

**You/Your:**

The terms "**Plaintiff**," "**you,**" and/or "**your**" refer to Plaintiff Tinna Bartlett, including any and all other persons or entities acting on her behalf or at her direction.

## SPECIFIC DEFINITIONS

In addition to the foregoing, this discovery is governed by the following specific definitions, which shall apply unless otherwise specified:

1. The word “Incident” means the occurrence alleged in the Complaint giving rise to this lawsuit.

2. The word "Pilot" means Defendant Pilot Travel Centers LLC, including its employees, agents, and representatives.

3. The word "Premises" means the location identified in the Complaint where the Incident allegedly occurred.

## INTERROGATORIES

**INTERROGATORY NO 1:** State your full legal name, giving all previous names, if any, by which you have been known, your date of birth, Social Security Number, current residential address, including length of time at your current residence.

**ANSWER:**

**INTERROGATORY NO 2:** Identify all residences where you have lived since January 1, 2020, including the addresses and dates of occupancy.

**ANSWER:**

**INTERROGATORY NO 3:** Identify your state of citizenship, including date established, and state all facts that you contend support your contention that you are a citizen of that state.

**ANSWER:**

**INTERROGATORY NO 4:** If you denied Request for Admission No. 3, state the amount of compensation you are seeking for your claim in this action.

**ANSWER:**

**INTERROGATORY NO 5:** Identify all states where you filed taxes in 2024 and 2025.

**ANSWER:**

## REQUESTS FOR ADMISSIONS

**REQUEST TO ADMIT NO 1:** Admit you are not a citizen of Nebraska.

**RESPONSE:**

**REQUEST TO ADMIT NO 2:** Admit you are not a citizen of Delaware.

**RESPONSE:**

**REQUEST TO ADMIT NO 3:** Admit you are seeking damages in excess of $75,000.00 in this action.

**RESPONSE:**

**REQUEST TO ADMIT NO 4:** Admit you are citizen of North Carolina.

**RESPONSE:**

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By:/s/*Jeffrey G. Granillo*
GA State Bar No. 139440
Attorney for Defendant Pilot Travel Centers LLC
Chambliss, Bahner & Stophel, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Tel: (423) 756-3000
Fax: (423) 508-1264
Email: jgranillo@chamblisslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, I served the foregoing PILOT TRAVEL CENTERS LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION TO PLAINTIFF TINNA BARTLETT by E-Mail and regular U.S. Mail to the following attorney of record.

Adam H. Long
Morgan & Morgan Atlanta PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Email: adam.long@forthepeople.com

*Attorney for Plaintiff*

By: */s/ Jeffrey G. Granillo*
Jeffrey G. Granillo

**IN THE STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| **TINNA BARTLETT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PILOT TRAVEL CENTERS, ABC CORPS 1-3, and JOHN DOES 1-3,**<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**FILE NO. 26-C-05473-S5** |

**ENTRY OF APPEARANCE**

COMES NOW, Scott Kuperberg, attorney with the law firm of Morgan & Morgan Atlanta, PLLC, and hereby notifies the Court and all counsel of record to this matter of his entry of appearance as co-counsel for Plaintiff.

This 29th day of May, 2026.

Respectfully submitted,

*/s/ Scott Kuperberg*
Scott Kuperberg
Georgia Bar No. 430441
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
P.O. Box 57007
Atlanta, GA 30343-1007
Telephone: (470) 563-6246
Facsimile: (404) 720-3859
Email: scott.kuperberg@forthepeople.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true and complete copy of the foregoing **Entry of Appearance** via the Court's e-filing system, which will automatically send notification of same to the following parties to this matter:

Jeffrey Granillo, Esq.
Chambliss, Bahner & Stophel, P.C.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Email: jgranillo@chamblisslaw.com

This 29th day of May, 2026.

Respectfully submitted,

*/s/ Scott Kuperberg*
Scott Kuperberg
Georgia Bar No. 430441
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
P. O. Box 57007
Atlanta, GA 30343-1007
Telephone: (470) 563-6246
Facsimile: (404) 720-3859
Email: scott.kuperberg@forthepeople.com

EFILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
26-C-05473-S5
6/1/2026 11:22 AM
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **TINNA BARTLETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 26-C-05473-S5** |
| **vs.** | ) | **JURY DEMAND** |
| | ) | |
| **PILOT TRAVEL CENTERS LLC; ABC CORPS #1-3, AND JOHN DOE 1-3** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY TO PLAINTIFF**

Pursuant to Uniform Superior Court Rule 5.2, I hereby certify that on May 28, 2026, Plaintiff's counsel of record as shown on the attached Certificate of Service was served with a true and correct copy of the following via E-Mail and U.S. Regular Mail:

1. Defendant Pilot Travel Centers LLC's First Set of Interrogatories and First Request for Admission to Plaintiff Tinna Bartlett.

This 1st day of June 2026.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By:/s/*Jeffrey G. Granillo*
GA State Bar No. 139440
Attorney for Defendant Pilot Travel Centers LLC
Chambliss, Bahner & Stophel, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Tel: (423) 756-3000
Fax: (423) 508-1264
Email: jgranillo@chamblisslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I served the foregoing RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY TO PLAINTIFF by E-Mail and/or regular U.S. Mail to the following attorney of record.

Adam H. Long
Morgan & Morgan Atlanta PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Email: adam.long@forthepeople.com

*Attorney for Plaintiff*

By: */s/ Jeffrey G. Granillo*
Jeffrey G. Granillo

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **TINNA BARTLETT**,<br><br>Plaintiff,<br><br>v.<br><br>**PILOT TRAVEL CENTERS LLC, ABC CORPS #1-3** and **JOHN DOE 1-3,**<br><br>Defendants. | **CIVIL ACTION**<br>**FILE NO. 26-C-05473-S5** |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT PILOT TRAVEL CENTERS LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION**

COMES NOW Plaintiff, Tinna Bartlett (hereinafter "Plaintiff"), by and through undersigned counsel, and hereby objects, answers, and otherwise responds to Defendant Pilot Travel Centers LLC's First Set of Interrogatories and Requests for Admission as follows:

**PRELIMINARY STATEMENT**

(A) The following objections and responses are based upon information presently and personally available to Plaintiff which is believed to be correct. Said objections and responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

(B) No incidental or implied admissions of fact by Plaintiff are made by the answers and responses below.

(C) Answers and responses to these Interrogatories may be amended or supplemented upon Plaintiff's further investigation and acquisition of information which Plaintiff does not either possess or recall at this time, strictly in accordance with the Georgia Rules of Civil Procedure.

(D) This preliminary statement is incorporated into each of the answers and responses set forth below.

**GENERAL OBJECTIONS**

(A) Plaintiff objects to each and every Interrogatory to the extent that it would require Plaintiff to respond by disclosing Plaintiff's attorneys' or other representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the ground that said Interrogatories exceed the permissible scope of the Georgia Rules of Civil Procedure.

(B) Plaintiff objects to each and every Interrogatory to the extent that it, whether standing alone or taken in conjunction with any and all Interrogatories, is calculated or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to Plaintiff, or would be unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression, on the ground that said Interrogatories exceed the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(C) Plaintiff objects to each and every Interrogatory to the extent that it requires Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said Interrogatories exceed the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(D) Plaintiff objects to each and every Interrogatory to the extent that it requires Plaintiff to respond by waiving Plaintiff's attorney-client privilege, on the ground that said Interrogatories exceed the permissible scope of discovery under the Georgia Rules of Civil Procedure. Further, Plaintiff objects to each and every Interrogatory to the extent that it seeks information that is confidential in nature and/or information subject to a confidentiality provision.

(E) Plaintiff objects to each and every Interrogatory to the extent the same requires Plaintiff to respond by summarizing for Defendant(s) the knowledge of persons or witnesses who may have knowledge of facts relevant to the subject matter of this action on the grounds that it would be unduly vexatious or unduly burdensome to respond to or would require Plaintiff to engage investigative efforts burdensome to the point of oppression, and, therefore, said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO 1: State your full legal, giving all previous names, if any, by which you have been known, your date of birth, Social Security Number, current residential address, including length of time at your current residence.

**RESPONSE: Plaintiff's name is Tinna Bartlett. Plaintiff's date of birth is December 22, 1968. Plaintiff objects to disclosing her social security number in an unsecured pleading. Plaintiff will provide her social security number off the record in a secure setting. Plaintiff's residential address is 7517 Riley Hill Road, Zebulon, North Carolina 27597. Plaintiff has resided at this address for nearly six (6) years.**

INTERROGATORY NO 2: Identify all residences where you have lived since January 1, 2020, including the addresses and dates of occupancy.

**RESPONSE: See Plaintiff's response to Interrogatory No. 1 herein.**

INTERROGATORY NO 3: Identify your state of citizenship, including date established, and state all facts that you contend support your contention that you are a citizen of that state.

**RESPONSE: Plaintiff is a citizen of the state of North Carolina. See response to Interrogatory No. 1 herein.**

INTERROGATORY NO 4: If you denied Request for Admission No. 3, state the amount of compensation you are seeking for your claim in this action.

**RESPONSE: Plaintiff objects to this request as it seeks information that Plaintiff is not permitted to plead prior to Plaintiff's closing statement at trial. *See* O.C.G.A. § 9-10-184(c)(1). See Plaintiff's response to Request for Admission No. 3 for additional information.**

INTERROGATORY NO 5: Identify all states where you filed taxes in 2024 and 2025.

**RESPONSE: Plaintiff objects to this request as it seeks information not related to any claim or defense in violation of O.C.G.A. § 9-11-26(b)(1). A person can file tax returns with multiple states which may or may not be a state of residence, domicile, or citizenship. Plaintiff further objects to this request as it is too vague to formulate a response. Specifically, the phrase "where you filed taxes" is undefined.**

**REQUESTS FOR ADMISSION**

REQUEST TO ADMIT NO 1: Admit you are not a citizen of Nebraska.

**RESPONSE: Admitted.**

REQUEST TO ADMIT NO 2: Admit you are not a citizen of Delaware.

**RESPONSE: Admitted.**

REQUEST TO ADMIT NO 3: Admit you are seeking damages in excess of $75,000.00 in this action.

**RESPONSE: Plaintiff is unable to admit or deny this request. Plaintiff is forbidden from pleading any amount for non-economic damages pursuant to O.C.G.A. § 9-10-184(c)(1). The amount of non-economic damages Plaintiff would be entitled to is in the discretion of the jury. Notwithstanding the foregoing objections, Plaintiff admits she is**

**currently claiming less than $75,000.00 for special damages. However, this amount may change as Plaintiff may require additional medical treatment prior to trial.**

REQUEST TO ADMIT NO 4: Admit you are citizen of North Carolina.

**RESPONSE: Admitted.**

This 3rd day of June, 2026.

Respectfully submitted,
MORGAN & MORGAN ATLANTA PLLC

*/s/ Scott Kuperberg*
Scott Kuperberg
Georgia Bar No. 430441
*Attorneys for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
P. O. Box 57007
Atlanta, Georgia 30343
Telephone: (470) 563-6246
Facsimile: (404) 720-3859
E-mail: scott.kuperberg@forthepeople.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and complete copy of the foregoing **Plaintiff's Responses and Objections to Defendant Pilot Travel Centers LLC's First Set of Interrogatories and Requests for Admission** to all parties and/or counsel of record to this matter via statutory electronic service, addressed to the following person(s):

Jeffrey Granillo, Esq.
Chambliss, Bahner & Stophel, P.C.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Email: jgranillo@chamblisslaw.com

This 3rd day of June, 2026.

Respectfully submitted,
MORGAN & MORGAN ATLANTA PLLC

*/s/ Scott Kuperberg*
Scott Kuperberg
Georgia Bar No. 430441
*Attorneys for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
P. O. Box 57007
Atlanta, Georgia 30343
Telephone: (470) 563-6246
Facsimile: (404) 720-3859
E-mail: scott.kuperberg@forthepeople.com

E-FILED IN OFFICE - TB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
26-C-05473-S5
5/11/2026 10:06 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TINNA BARTLETT,

Plaintiff,

v.

PILOT TRAVEL CENTERS, LLC; ABC CORPS # 1-3, AND JOHN DOES #1-3,

Defendants.

Case No.: 26-C-05473-S5

RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS TO DEFENDANTS

Pursuant to U.S.C.R. 5.2 the undersigned counsel of record for Plaintiff certifies that he has caused the following discovery requests to be served on all defendants with service of the Complaint and Summons. These requests are as follows:

1. Plaintiff's First Interrogatories and Requests for Production to Defendant Pilot Travel Centers, LLC;
2. Plaintiff's First Request for Admissions to Defendant Pilot Travel Centers, LLC;

This _11__th day of May, 2026.

**MORGAN & MORGAN ATLANTA, PLLC**

/s/ Adam H. Long
ADAM H. LONG
adam.long@forthepeople.com
Georgia State Bar No.: 141213
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)

404-965-8812 (Fax)

*Attorney for Plaintiff*